■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO VANTERPOOL, Appellant. [625 NYS2d 38] —Judgment,

Supreme Court, New York County (Carol Berkman, J.), rendered March 11, 1993, convicting defendant, after a nonjury trial, of rape in the first degree and endangering the welfare of a child and sentencing him to concurrent terms of 3 to 9 years and 1 year imprisonment, respectively, unanimously affirmed.

Defendant's guilt was proven beyond a reasonable doubt and is supported by the weight of the evidence.

Considering the victim's young age and her expressed fear of serious punishment from her mother if she disclosed the fact of her rape, her complaint to a cousin within three weeks of the incident constituted a prompt outcry which was properly admitted as an exception to the hearsay rule and considered by the court (People v McDaniel, 81 NY2d 10). The other claim with respect to this testimony, raised for the first time on appeal, is unpreserved and we decline to review in the interest of justice.

Defendant failed to raise and preserve his current constitutional claim with respect to the admissibility of hospital records where the unavailability of one of the doctors who made entries in the records was not established. Were we to reach the issue we would find that where the hearsay exception is justified by its compelling reliability—as in the business records exception—then the evidentiary rule is congruent with the values of the Confrontation Clause and the unavailability of the declarant is not required (see, People v Persico, 157 AD2d 339, 348, lv denied 76 NY2d 895).

Finally, defendant agreed to and was given the benefit of assumptions of fact by the court in this nonjury trial which he might not have been able to establish through questioning of the complainant. Concur—Ellerin, J. P., Rubin, Tom and Mazzarelli, JJ.