■ In the Matter of TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MICHELLE K., Respondent, v JOSEPH L., Appellant. [649 NYS2d 44] —White, J. Appeal from an order of the Family Court of Tioga County (Squeglia, J.), entered November 23, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Michelle K.

Petitioner filed a paternity petition on behalf of Michelle K. alleging that respondent was the biological father of a daughter born to her in 1988. Following a fact-finding hearing in which the proof showed there was a 99.98% probability that respondent is the father of the child, Family Court found that petitioner established by clear and convincing evidence that respondent was the biological father of the child and made an order of filiation. Respondent appeals on the sole ground that he was denied his right to counsel. We affirm.

Respondent argues that his right to counsel afforded by Family Court Act § 262 (a) (viii) was abridged when substitute counsel appeared on the day of the hearing to represent him, without respondent's prior knowledge or consent and without being fully apprised of his case. Other than complaining of the mere circumstance that his assigned counsel sent another attorney to appear in his place and represent respondent at the hearing, we note that respondent in no way argues that the substitute counsel was ineffective or provided meaningless representation. Nor does respondent challenge the sufficiency of the evidence.

Our review of the fact-finding hearing reveals that respondent's replacement counsel, despite having just recently familiarized himself with the case, provided respondent with meaningful representation at the hearing. Counsel adequately argued motions on respondent's behalf, made appropriate objections, many of which were sustained, successfully kept

hospital records from being admitted into evidence and effectively cross-examined the mother about, *inter alia,* respondent's defense that she was pregnant before she engaged in sexual intercourse with him. Thus, viewing the evidence, the law and the totality of the circumstances of this case, we conclude that respondent was provided with meaningful representation and reject respondent's contention that he was denied his right to effective counsel (*see, Matter of Sara KK.,* 226 AD2d 766, 766-767, *lv denied* 88 NY2d 808; *Matter of Dingman v Purdy,* 221 AD2d 817, 818).

Crew III, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.