■ In the Matter of PRISCILLA R. THOMPSON, Appellant, v MICHAEL D. JONES, Respondent. [678 NYS2d 166] —Graffeo, J. Appeal from an order of the Family Court of Otsego County (Pines, J.), entered March 12, 1997, which, *inter alia*, granted respondent's application, in a proceeding pursuant to Family Court Act articles 6 and 8, for modification of a prior custody order.

The parties are the parents of a daughter and petitioner retained physical custody of the child, with scheduled visitation rights for respondent. In October 1996, respondent filed a petition for modification of custody. On November 13, 1996, respondent filed a violation petition alleging that petitioner had denied him visitation with the child and approximately one week later, petitioner filed a family offense petition against respondent, alleging that he had sexually abused the child. In January 1997, Family Court commenced a hearing on respondent's two petitions, at which petitioner was represented by assigned counsel William Schebaum. At the beginning of that hearing, Schebaum informed the court that to support petitioner's family offense petition, he would call Bill Hayes, a clinical social worker who had met with the child, and Richard Hamill, a clinical psychologist who had interviewed the child, petitioner and respondent, to testify. At the close of that day, respondent rested.

The parties reconvened on March 12, 1997 for a hearing on petitioner's family offense petition. At that time, Schebaum was not present but instead sent Kelly Eckmair to appear on his behalf. Petitioner told Family Court that she was meeting Eckmair for the first time that morning and was not aware that Schebaum would not be present. Family Court refused to delay the proceedings and petitioner's case was presented; Eckmair's sole witness was petitioner. After the proceedings were completed, Family Court ruled that the abuse allegations were unfounded and dismissed petitioner's family offense peti-

tion. Family Court granted physical custody of the child to respondent and, concluding that petitioner had willfully violated the court's prior visitation order, granted the visitation petition and sentenced petitioner to 10 days in jail. Arguing she was denied effective assistance of counsel, petitioner appeals.

Petitioner argues that she was denied effective assistance of counsel (see, Family Ct Act § 262 [a]) because she had met Eckmair for the first time on the morning of the second day of the hearing and because the two individuals Schebaum indicated he intended to call to testify were not presented as witnesses by Eckmair. She contends that Family Court erred when it concluded, without setting forth the basis of its conclusion, that Eckmair was sufficiently familiar with the case and refused to delay the proceedings. We disagree. The record indicates that Eckmair was well prepared in her representation and was sufficiently familiar with the case as to continue with the hearing in Schebaum's place, despite the fact that petitioner had met Eckmair for the first time that morning (see, Matter of Tioga County Dept. of Social Servs. [Michelle K.] v Joseph L., 232 AD2d 757). Moreover, there were no apparent deficiencies in Eckmair's strategy or performance at the hearing (see, Matter of Kazmi v Kazmi, 201 AD2d 857) and petitioner's bare assertion that Eckmair failed to call certain witnesses cannot alone establish ineffective assistance (see, Matter of Shawnmanne CC., 244 AD2d 662);* counsel conducted adequate direct and cross-examinations and made appropriate objections (see, Matter of Tioga County Dept. of Social Servs. [Michelle K.] v Joseph L., supra). Based upon our review of the record and the totality of the circumstances in this case, we conclude that petitioner received reasonably competent and meaningful representation (see, Matter of Morlando v Morlando, 240 AD2d 852, lv denied 91 NY2d 802; Matter of Williams v MacDougall, 226 AD2d 782).

Mercure, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We note that while Hayes and Hamill were not called to testify, their reports were admitted into evidence and considered by Family Court.