■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EREZ RON, Appellant, v EINAT LEVI, Also Known as EINAT RON, Respondent. [719 NYS2d 365] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered October 5, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner and respondent are Israeli citizens who married in a civil ceremony in the United States and later in a religious ceremony in Israel. They have two children who were born in

Israel in 1993 and 1995. The children resided in Israel continuously (except for a period from May to October 1996 spent in the United States with respondent), until August 23, 1997, when, following the onset of marital discord, the whole family moved to the United States apparently on the advice of a marriage consultant in Israel. The parties purchased round-trip airline tickets which had a six-month return date that could be extended another six months but could not be used after August 23, 1998. Thereafter, respondent, who has a "green card" with "returning resident" alien status, obtained steady employment in the United States. Petitioner claims that he took a job at his brother-in-law's sandwich shop to help support his family.

After petitioner was arrested for allegedly assaulting respondent in May 1998, respondent served him in jail with notice that she had commenced an action for divorce in Albany County. After appearing in County Court on the assault charge on May 5, 1998, petitioner agreed to refrain "from coming close to Respondent and children for six months" and voluntarily returned to Israel by himself that same night. The divorce action resulted in a default judgment in favor of respondent who was awarded sole physical and legal custody of the children. In the meantime, upon petitioner's return to Israel, he commenced an action for divorce in the Rabbinical Court of Israel which he claims was still pending at the filing of this petition. Respondent and the parties' children have continued to reside in the United States.

In August 1999, while still living in Israel, petitioner also brought this petition seeking a writ of habeas corpus pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (51 Fed Reg 10494 [hereinafter the Hague Convention]) and its implementing legislation, the International Child Abduction Remedies Act (42 USC § 11601 *et seq.*). The Hague Convention is an international treaty to which both the United States and Israel are signatories. According to petitioner, respondent illegally retained the children in the United States when she allowed their round-trip tickets to expire on August 23, 1998 without rejoining him in Israel. Petitioner requested that Supreme Court order the return of the children to Israel to permit the Israeli court to make a custody determination. Following an evidentiary hearing, at which petitioner did not appear but was represented by counsel

from New York and from Israel,* Supreme Court found the Hague Convention inapplicable and dismissed petitioner's application on the merits, resulting in this appeal.

We affirm. In order to invoke relief under the Hague Convention, a petitioner must meet several requirements: (1) both of the involved countries must be signatories to the Hague Convention, (2) the child involved must be under 16 years of age and (3) the "[p]etitioner must show by a preponderance of the evidence that under the [Hague] Convention, the child was wrongfully removed or retained from the place of habitual residence" (*Brooke v Willis*, 907 F Supp 57, 60; *see, Matter of Brennan v Cibault*, 227 AD2d 965, 966; *see also*, 42 USC § 11603 [e]; *Friedrich v Friedrich*, 983 F2d 1396, 1400). Here, Supreme Court determined that the Hague Convention was inapplicable due to petitioner's failure to establish that, at the time respondent allegedly wrongfully retained the children in the United States, they were, in fact, "habitual resident[s]" of Israel within the meaning of the Hague Convention.

With respect to determining a child's country of "habitual residence," the Fourth Department in *Matter of Brennan v Cibault (supra)* noted: "Because the Hague Convention does not define the term 'habitual resident,' its interpretation has been left to the courts. Courts interpreting that term have held that it refers to a 'degree of settled purpose,' as evidenced by the child's circumstances in that place and the shared intentions of the parents regarding their child's presence there * * *. The focus is on the child rather than the parents, and on past experience rather than future intentions" (*id.*, at 966 [citations omitted]; *see, Feder v Evans-Feder*, 63 F3d 217, 224; *Friedrich v Friedrich, supra*).

Applying these principles to the particular circumstances herein, we conclude that Supreme Court properly held that petitioner failed in his burden of proving by a preponderance of the credible evidence that the children were habitual residents of a country other than the United States. Although the children were born in Israel and are citizens of that country, the children have spent relatively equal amounts of time in the United States and Israel. While petitioner maintains that the parties intended the family's stay in the United States to be temporary, no evidence of this was presented at the hearing. Instead, the proof showed that the parties came to the United

---

* When Supreme Court inquired of counsel as to petitioner's whereabouts, petitioner's counsel informed the court that there was an outstanding warrant for petitioner's arrest from the Town of Bethlehem, Albany County, based upon a prior complaint lodged by respondent.

States together, found housing and obtained employment, and lived here for more than a year and a half before petitioner left this country without any attempt to take the children. Thus, the record proof supports a finding of "a settled purpose on the part of the parties to establish [a life for the children in the United States]" (*Matter of Brennan v Cibault, supra,* at 966). Significantly, petitioner's own description of the turbulent events surrounding his eventual departure to Israel and respondent's actions in contemporaneously seeking a divorce provide no support whatsoever for a finding that the parties planned for reunification of the family in Israel following petitioner's departure. Under the circumstances, we find no reason to disturb Supreme Court's dismissal of the petition (*see, Matter of Cohen v Cohen,* 158 Misc 2d 1018).

Petitioner further contends that he received ineffective assistance of counsel from his attorneys, one a New York attorney and one an Israeli attorney admitted pro hac vice. Even assuming that a right to effective assistance of counsel exists in the instant civil proceeding (*see, Olmstead v Federated Dept. Stores,* 208 AD2d 979, 982, *lv denied* 85 NY2d 811), we cannot say, under the totality of the circumstances, that the representation of petitioner's two retained attorneys, while not flawless, fell below the standards of "reasonably competent and meaningful representation" (*Matter of Thompson v Jones,* 253 AD2d 989, 990), particularly in light of the restrictions placed upon them by petitioner's failure to appear and testify.

We have considered petitioner's other arguments and find them to be without merit.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.