■ In the Matter of Bernard K., a Person Alleged to be a Juvenile Delinquent, Appellant. Columbia County Attorney, Respondent. [720 NYS2d 269] —Peters, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered April 13, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

While in the parking lot of Hudson High School in the City of Hudson, Columbia County, respondent allegedly threw a rock through the rear window of an automobile. As a result, respondent was charged with committing an act which, if committed by an adult, would constitute the crime of criminal

mischief in the fourth degree. At the fact-finding hearing, petitioner produced four witnesses, three of whom testified to seeing respondent throw the rock at the vehicle. Although respondent testified on his own behalf, denying the allegations and offering the corroborating testimony of an alibi witness, Family Court determined that respondent had committed the crime and adjudicated him a juvenile delinquent. Following the dispositional hearing, respondent was placed on probation for a period of one year. This appeal ensued.

We are unpersuaded by respondent's contention that he was denied the effective assistance of counsel. The Law Guardian's decision to commence the fact-finding hearing two days after the initial appearance was a tactical maneuver that will not be second-guessed by this Court (*see, People v Benevento*, 91 NY2d 708, 712; *Matter of James HH.*, 234 AD2d 783, 785, *lv denied* 89 NY2d 812), especially when the accelerated pace was dictated by respondent's specific requests. Although the rapidity at which the matter proceeded may have limited the Law Guardian's pretrial motion practice, this fact, by itself, does not constitute ineffective assistance of counsel (*see, People v Rivera*, 71 NY2d 705, 709; *People v Young*, 271 AD2d 751, 752, *lv denied* 95 NY2d 859).

The Law Guardian cross-examined all witnesses, eliciting inconsistencies and a motive to lie, offered an alternative theory as to how the damage occurred, moved to dismiss the case, presented an alibi witness and submitted a closing argument (*see, Matter of Thompson v Jones*, 253 AD2d 989, 990). Contrary to respondent's contentions, the Law Guardian was under no obligation to call an expert witness to rebut a theory predicated solely upon the unsworn allegations of respondent's mother (*see, People v Barker*, 223 AD2d 899, 902, *lv denied* 88 NY2d 964).

Mindful that " 'meaningful representation' does not mean 'perfect representation' " (*People v Ford*, 86 NY2d 397, 404, quoting *People v Modica*, 64 NY2d 828, 829), we find that the totality of the circumstances demonstrates that respondent received meaningful representation (*see, Matter of Jeffrey V.*, 82 NY2d 121; *Matter of Tioga County Dept. of Social Servs. [Michelle K.] v Joseph L.*, 232 AD2d 757; *see also, People v Baldi*, 54 NY2d 137).

Cardona, P. J., Mercure, Crew III and Rose, JJ., concur. Ordered that the order is affirmed, without costs.