■ DJOVAN HENRIQUES et al., Respondents, v KINDERCARE LEARNING CENTER, INC., Appellant. [774 NYS2d 527]—

Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered March 7, 2003, which, after a jury verdict, awarded plaintiff $150,000 and $200,000 for past and future pain and suffering, respectively, unanimously modified, on the law and the facts, to remand the matter for a new trial on damages for future pain and suffering only, and otherwise affirmed, without costs, unless plaintiffs stipulate, within 20 days of service of a copy of this order with notice of entry, to reduce the award for future pain and suffering to $100,000 and to entry of an amended judgment in accordance therewith.

The infant plaintiff, then four years old, was allegedly abused by two other four year olds in the bathroom of defendant's daycare facility, suffering internal injuries.

Among the evidentiary rulings challenged by defendant on this appeal is the trial court's exclusion of testimony and letters offered by a representative of the New Jersey Division of Youth and Family Services concerning that agency's investigation of this matter. However, the DYFS representative could only speculate as to how that investigation had been conducted and what witnesses had been interviewed. Thus, this proffered evidence lacked sufficient indicia of trustworthiness and reliability, and its admissibility was subject to the sound discretion of the trial court (*see Cramer v Kuhns*, 213 AD2d 131, 136 [1995], *lv dismissed* 87 NY2d 860 [1995]). On the other hand, the reports of Drs. Fogelman and Brown were properly admitted as documents relating to the patient's treatment and condition (CPLR 4518).

Ms. Pierre's testimony as to her son's statements to her about the assault were properly admitted under the prompt outcry exception to the hearsay rule. In *People v Vanterpool* (214 AD2d 429 [1995], *lv denied* 86 NY2d 875 [1995]), a young victim's revelation, fully three weeks after being assaulted, was deemed a prompt utterance. Nor was there any prejudice to defendant from Dr. Berezin's testimony concerning the few visits he had with the infant plaintiff which were not covered in the doctor's initial document production.

In our view, the award for future pain and suffering, as opposed to that for past pain and suffering, deviates materially

from what is reasonable compensation under the circumstances to the extent indicated. Concur—Nardelli, J.P., Sullivan, Williams, Friedman and Marlow, JJ.