■ In the Matter of GREGORY AA., a Person Alleged to be a Juvenile Delinquent, Appellant. STEPHEN B. FLASH, as Tompkins County Attorney, Respondent. [799 NYS2d 830]—

Peters, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered September 7, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent, born in 1989, was charged with committing acts which, if committed by an adult, would constitute the crimes of criminal sexual act in the first degree (*see* Penal Law § 130.50 [3]), sexual abuse in the first degree (*see* Penal Law § 130.65 [3]) and sexual abuse in the second degree (*see* Penal Law § 130.60 [2]). Respondent allegedly inserted his penis into the rectum of a seven-year-old boy and rubbed his penis against the leg of a 12-year-old boy. After a hearing, Family Court made an affirmative finding concerning the crimes of criminal sexual act in the first degree and sexual abuse in the first degree involving the seven-year-old victim and dismissed the charge alleging acts constituting the crime of sexual abuse in the second degree pertaining to the 12-year-old victim. The court therefore adjudicated respondent to be a juvenile delinquent. This appeal ensued.

Respondent claims that he was denied the effective assistance of counsel. To properly assess that contention, we must determine whether " 'the evidence, the law, and the circum-

stances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation' " (*People v Cleveland*, 281 AD2d 815, 816 [2001], *lv denied* 96 NY2d 900 [2001], quoting *People v Baldi* 54 NY2d 137, 147 [1981]; *see Matter of Bernard K.*, 280 AD2d 728, 729 [2001]). Addressing respondent's claim that counsel failed to follow up on her discovery motion for the seven-year-old victim's medical records, we find no error since the testimony of the victim's mother revealed that the child was not taken to the doctor until the week before the fact-finding hearing. Nor do we find error from counsel's failure to move to dismiss the charge of sexual abuse regarding the 12-year-old victim after petitioner rested. Family Court, as the sole trier of fact (*see Matter of Dakota EE.*, 209 AD2d 782, 783 [1994]), made an obvious distinction between the complaints against these two victims when it dismissed the charge involving the 12-year-old. Hence, even if counsel had made such a motion at the close of petitioner's case, respondent's strategy to undermine the seven-year-old victim's testimony through the testimony of respondent, his mother and his sister would not have been obviated.*

Next addressing whether counsel failed to prevent "prompt outcry" testimony from being admitted into evidence, we recognize that the seven-year-old victim did not make a disclosure for at least two months. Out-of-court statements are generally not used to bolster a witness's testimony, but "evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place" (*People v McDaniel*, 81 NY2d 10, 16 [1993]; *see People v Allen*, 13 AD3d 892, 894 [2004]). While the disclosure must be prompt, there is no set time limit, only that the complaint be made " 'at the first suitable opportunity' " (*People v McDaniel, supra* at 17, quoting *People v O'Sullivan*, 104 NY 481, 486 [1887]; *see People v Allen, supra* at 894-895). Recognizing this to be a factual determination (*see People v McDaniel, supra* at 17) and, if admissible, limited only to testimony that a complaint was made and not the details thereof (*see id.*; *People v Herring*, 227 AD2d 658, 660 [1996], *lv denied* 88 NY2d 986 [1996]), we find no error. Reference to the seven-year-old's disclosure was appropriately limited both through objection by respondent's counsel and Family Court's limitation of the scope of question-

* Respondent's assertion that the ineffective assistance claim is buttressed by counsel's failure to request a ruling limiting testimony regarding his general practices involving masturbation and condom use is academic since the charge to which such conduct was relevant was dismissed by Family Court.

ing. The seven-year-old's delay in making the disclosure was adequately explained by his testimony that he was afraid to immediately disclose the incident to his mother for fear of getting in trouble and being grounded (*see People v Vanterpool*, 214 AD2d 429, 430 [1995], *lv denied* 86 NY2d 875 [1995]).

Viewing the record in its totality, we find that in light of counsel's strategy and the testimony elicited in furtherance thereof, respondent was provided with meaningful representation (*see People v Caban*, 5 NY3d 143 [2005]). Further concluding that Family Court complied with CPLR 4213 (b) by stating the essential, ultimate facts in its decision (*see Matter of Jose L.I.*, 46 NY2d 1024, 1025-1026 [1979]; *Matter of Kaitlyn R.*, 279 AD2d 912, 914 [2001]), we find no viable procedural challenge. For all of these reasons, we affirm.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.