■ In the Matter of MICHAEL DD., a Person Alleged to be a Juvenile Delinquent, Respondent. ULSTER COUNTY ATTORNEY, Respondent. [823 NYS2d 284]—

Mugglin, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered December 21, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Following a fact-finding hearing, Family Court concluded that the evidence established beyond a reasonable doubt that respondent had engaged in conduct which, if committed by an adult, would constitute the felony of sexual abuse in the first degree. At the conclusion of a dispositional hearing, Family Court adjudicated respondent a juvenile delinquent and placed him on probation for a period of one year. Respondent appeals.

We affirm. Respondent's principal contention is that the evi-

dence fails to establish beyond a reasonable doubt sexual contact and forcible compulsion, the two requisite elements of sexual abuse in the first degree. The evidence supporting an adjudication is legally sufficient if there exists any valid line of reasoning and permissible inferences from which a reasonable person could conclude as the factfinder did, and which evidence establishes all the elements of the crime charged beyond a reasonable doubt (*see Matter of William A.*, 4 AD3d 647, 647-648 [2004]). Our review of the record compels the conclusion that Family Court correctly determined that the two elements of sexual abuse in the first degree were adequately established. First, respondent had contact with the victim's breasts while attempting to lift her shirt. Further, forcible compulsion was established by evidence that respondent, while attempting to remove the victim's pants, broke her belt. Finally, it is readily inferable that respondent engaged in this conduct simply for the purpose of gratifying his own sexual desire, particularly in view of respondent's repeated announcement of his intention to have sexual intercourse with the victim.

Next, we reject the contention that respondent's right to a speedy dispositional hearing was violated because the hearing was not commenced within 50 days of the order of the fact-finding hearing (*see* Family Ct Act § 350.1 [2]). The record reveals that the dispositional hearing was originally scheduled within the 50-day window but was adjourned on four separate occasions and not held until December 13, 2005. With respect to all but one of those adjournments, the Law Guardian acquiesced in the adjournment and expressly waived respondent's right to a speedy disposition, representing to Family Court that he had consulted with respondent, who was in agreement. The other adjournment was made by Family Court pursuant to its authority under Family Ct Act § 350.1 (3) (a). Accordingly, we find no merit to respondent's present claim that his right to a speedy dispositional hearing was violated (*see generally Matter of Jose R.*, 83 NY2d 388 [1994]).

As a final matter, we reject respondent's contention that he received ineffective assistance of counsel. The record, as a whole, reflects that respondent received meaningful representation throughout the proceeding. Although respondent's Law Guardian advised Family Court that respondent would be testifying, the decision not to call him as a defense witness was obviously based on a legitimate trial strategy—the perceived weakness in the prosecution's proof. Likewise, the Law Guardian was not ineffective for failing to cross-examine the two witnesses called to corroborate the victim's testimony because their testimony

was at variance with the victim's and did not establish the elements of the crime. Moreover, the Law Guardian's failure to make certain evidentiary objections in this nonjury trial was not ineffective assistance. Respondent suffered no actual prejudice from the aggregate of these claimed deficiencies (*see Matter of Jonathan LL.*, 294 AD2d 752, 753 [2002]).

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.