■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LAPAGE, Appellant. [871 NYS2d 429]—

Mercure, J.P.

Defendant was charged in an indictment with course of sexual conduct against a child in the first degree based upon allegations that he engaged in two or more acts of sexual conduct with his eight-year-old daughter. Following a jury trial, defendant was convicted as charged and sentenced to a term of imprisonment of 15 years to be followed by five years of postrelease supervision. Defendant now appeals and we reverse.

Initially, we reject defendant's contention that the verdict was against the weight of the evidence. In reviewing the weight of the evidence, we must determine whether "a different finding would not have been unreasonable" and, if not "then [we] must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see People v Romero*, 7 NY3d 633, 643-644 [2006]). Moreover, this review is not limited solely to a determination of credibility issues; we also "must consider the elements of the crime, for even if the prosecution's witnesses were credible their testimony must

prove the elements of the crime beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 349 [2007]).

In order to prove course of sexual conduct against a child in the first degree, the People must establish, as relevant here, that a defendant "over a period of time not less than three months in duration[,] . . . engage[d] in two or more acts of sexual conduct, [including] at least one act of . . . oral sexual conduct . . . with a child less than [11] years old" (Penal Law § 130.75 [1] [a]). Considering the evidence in a neutral light—particularly the victim's detailed description of defendant's conduct toward her during visitation with him from March or April 2004 through August 2004—and according deference to the jury in assessing witness credibility, it cannot be said that the verdict was against the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495; *People v Nowinski*, 36 AD3d 1082, 1083-1084 [2007], *lv denied* 8 NY3d 989 [2007]).*

We do agree, however, with defendant's contention that County Court committed reversible error in dismissing a sworn juror. "If at any time after the trial jury has been sworn and before the rendition of its verdict, . . . the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case . . . the court must discharge such juror" (CPL 270.35 [1]). A sworn juror may be discharged as grossly unqualified over a defendant's objection only when, after the trial court conducts a probing inquiry and assesses the knowledge acquired by the juror and its importance and bearing on the case, " 'it becomes obvious that [the] juror possesses a state of mind which would prevent the rendering of an impartial verdict' " (*People v Buford*, 69 NY2d 290, 298 [1987] [citation omitted]; *see People v Harris*, 99 NY2d 202, 212-213 [2002]). Furthermore, "[i]n concluding that a juror is grossly unqualified, the court may not speculate as to possible partiality of the juror based on her [or his] equivocal responses" but "[i]nstead, it must be convinced that the juror's knowledge will prevent her [or him] from rendering an impartial verdict" (*People v Buford*, 69 NY2d at 299; *see People v Chambers*, 97 NY2d 417, 419 [2002]; *People v Cargill*, 70 NY2d 687, 688-689 [1987]).

Here, the juror in question informed County Court that he recognized defendant's mother, who testified at trial, as a person who had purchased some geese from his farm two years earlier. County Court inquired if this experience would affect the juror's ability to be fair and impartial in rendering a verdict, to which

---

* As conceded by defendant, his challenge to the legal sufficiency of the evidence was not properly preserved.

he replied, "I don't think so." When asked if he could assure the parties that he could both consider the witness's credibility and decide the case without referring to the prior experience, he replied, "I think so." County Court thereafter dismissed the juror over defendant's objection.

In our view, County Court's conclusion that the juror would not be able to impartially evaluate the witness's testimony based on the limited inquiry held here was speculative (see *People v Anderson*, 70 NY2d 729, 730 [1987]; *People v Cargill*, 70 NY2d at 688-689; *People v Buford*, 69 NY2d at 299-300; *People v West*, 92 AD2d 620, 622 [1983, Mahoney, P.J., dissenting], *revd on dissenting op of Mahoney, P.J.*, 62 NY2d 708 [1984]). The juror's statements, taken as a whole, were not equivocal regarding his ability to be fair and impartial (see *People v Chambers*, 97 NY2d at 419). In any event, the brief face-to-face encounter between the juror and the witness two years prior to the trial does not "constitute such a close relationship of a business or personal nature as to render the juror grossly unqualified to continue serving in the case" (*People v Telehany*, 302 AD2d 927, 928 [2003]). Accordingly, dismissal of the sworn juror under the circumstances presented herein deprived defendant of his right to a fair trial, and reversal is required.

In anticipation of a new trial, we address defendant's remaining claims to the extent that they are preserved and not otherwise rendered academic by our determination. Contrary to defendant's contention, considering the victim's age and her testimony that she was warned by defendant not to tell anyone, her report to her mother constituted a prompt outcry. Thus, the mother's testimony concerning the victim's revelations was properly admitted as an exception to the hearsay rule (see *People v Stuckey*, 50 AD3d 447, 448 [2008], *lv denied* 11 NY3d 742 [2008]; *Matter of Gregory AA.*, 20 AD3d 726, 727-728 [2005]; *People v Vanterpool*, 214 AD2d 429, 430 [1995], *lv denied* 86 NY2d 875 [1995]). Finally, we are unpersuaded by defendant's assertion that County Court erred in allowing the prosecutor to cross-examine a witness about her knowledge of prior bad acts committed by defendant. Defendant's witness testified that she never had a concern when defendant was with her children, which opened the door for cross-examination regarding her knowledge of reports of child abuse concerning defendant (see *People v Tuckerman*, 134 AD2d 732, 733 [1987]; *see generally People v Kuss*, 32 NY2d 436, 443 [1973], *cert denied* 415 US 913 [1974]; *People v Nicosia*, 18 AD3d 673, 673 [2005]).

Carpinello, Rose, Kane and Malone Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Franklin County for a new trial.