■ In the Matter of TREVON Y., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [917 NYS2d 644]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the presentment agency appeals from an order of disposition of the Family Court, Queens County (Hunt, J.), dated April 27, 2010, which, sua sponte, dismissed the petition with prejudice.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for proceedings on the petition.

The presentment agency filed a juvenile delinquency petition in Family Court pursuant to Family Court Act article 3, alleging that the 14-year old respondent committed acts which, if committed by an adult, would constitute the crimes of attempted rape in the first degree, sexual abuse in the first degree, rape in the third degree, forcible touching, sexual abuse in the third degree, and sexual misconduct. All of the charges set forth in the petition are offenses over which the Family Court has original jurisdiction (*see* Family Ct Act § 301.2 [1] [a]; § 302.1). Nevertheless, over the presentment agency's objection, the Family Court sua sponte dismissed the petition, with prejudice, on the ground that the complainant's sworn deposition, which was appended to the petition, set forth facts which, if proved at trial, supported a finding of rape in the first degree, an offense for which original jurisdiction lies with a criminal court, with the Family Court obtaining jurisdiction only if the matter is removed to it from the criminal court (*see* CPL 725.00, 1.20

[42]; Penal Law § 10.00 [18]). The presentment agency appeals. We reverse.

Contrary to the determination of the Family Court, whether the Family Court has original jurisdiction over a juvenile delinquency proceeding pursuant to Family Court Act article 3 depends on the actual charges set forth in the petition, not the crimes for which the juvenile could have been charged had he or she been an adult (*see Matter of Raymond G.*, 93 NY2d 531, 534-536 [1999]; *Matter of Vega v Bell*, 47 NY2d 543, 547, 551 [1979]). The Family Court's interpretation of the statutory scheme would, in effect, strip a District Attorney of his or her broad prosecutorial discretion, which, among other things, includes a determination not to prosecute a juvenile offender in criminal court, but instead to allow the presentment agency to pursue reduced charges in Family Court (*see People v Urbaez*, 10 NY3d 773, 775 [2008]; *People v Greene*, 57 AD3d 1004, 1005 [2008]).

Here, where the District Attorney declined to prosecute the respondent in criminal court, the dismissal of the petition by the Family Court would effectively relieve the respondent of any accountability for his alleged serious misconduct. Such a result contravenes both the legislative intent of the 1978 act creating the statutory scheme at issue, which was intended to address a "perceived epidemic of violent criminal conduct by juveniles" (*Matter of Raymond G.*, 93 NY2d at 534), as well as the purpose of juvenile delinquency proceedings pursuant to Family Court Act article 3, which "is to empower [the] Family Court to intervene and positively impact the lives of troubled young people while protecting the public" (*Matter of Robert J.*, 2 NY3d 339, 346 [2004]; *see Matter of Jermaine G.*, 38 AD3d 105, 111 [2007]).

Accordingly, since all of the charges set forth in the instant petition are offenses over which the Family Court has original jurisdiction (*see* Family Ct Act § 301.2 [1] [a]; § 302.1), the Family Court erred in dismissing the petition. Therefore, we reverse the order appealed from, reinstate the petition, and remit the matter to the Family Court, Queens County, for proceedings on the petition. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.