■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE L. ARTIS, Appellant. [934 NYS2d 614]—

McCarthy, J.

A jury found defendant guilty of criminal sexual act in the first degree for having his seven-year-old daughter perform oral sex on him. Defendant then filed a CPL 330.30 motion alleging, among other things, juror misconduct. County Court denied that motion without a hearing and sentenced defendant to 20 years in prison, followed by 10 years of postrelease supervision. Defendant appeals.

The conviction was supported by legally sufficient evidence and was not against the weight of the evidence. The victim, who was nine years old at the time of trial, testified under oath that on one occasion when she was seven years old defendant instructed her to suck his penis, she did so, and defendant told her not to tell her mother because it "would break the happy family." This testimony was legally sufficient to establish the crime of criminal sexual act in the first degree (see Penal Law § 130.50 [3]). Contrary to defendant's assertion, her sworn testimony did not need to be corroborated (see CPL 60.20 [2], [3]). The victim's mother provided information that supported the victim's testimony, while defendant testified that no sexual activity ever occurred and that the mother manipulated the child to fabricate allegations of abuse to get revenge on him for breaking off their engagement. The People also presented a letter that defendant wrote to his daughter from jail promising to send her money and take her to Disneyland, and stating that he still loved her mother and wanted to marry her. The conflicting testimony "presented a quintessential credibility clash that typically occurs in cases of this nature" and we find no reason to disturb the jury's resolution of credibility in favor of the victim (People v Cruz, 41 AD3d 893, 895 [2007], lv denied 10 NY3d 933 [2008]). Considering the evidence from a neutral perspective, and in light of the jury's credibility findings, the verdict was not against the weight of the evidence.

Defendant was not deprived of his right to a speedy trial. The People announced readiness within the statutory time frame (*see* CPL 30.30 [1]). Defendant contends that his rights were violated because the People did not turn over transcripts from his related Family Ct Act article 10 proceeding, requiring County Court to grant a mistrial in his first trial. Because the Family Court transcripts were not in the People's possession, the prosecution was not required to turn them over and the failure to do so did not constitute a *Brady* violation. Although County Court granted defendant a mistrial so that his counsel could obtain the transcripts for use at his criminal trial, that mistrial was not attributable to the People. Nothing in the record indicates a lack of readiness by the People after they first announced readiness and no postreadiness time was attributable to the People. Neither defendant's statutory nor constitutional right to a speedy trial was violated (*see People v Ramos*, 48 AD3d 984, 986 [2008], *lv denied* 10 NY3d 938 [2008]).

Defendant received the effective assistance of counsel. Although defendant complains that counsel did not call certain witnesses at trial, defendant has not shown that most of their testimony would have been admissible. Counsel did attempt to call a caseworker and introduce a videotape of an interview with the victim to impeach her testimony, but County Court correctly denied that request inasmuch as the victim had already admitted the inconsistency of her prior statements (*see People v Berry*, 78 AD3d 1226, 1228 [2010], *lv denied* 16 NY3d 828 [2011]). Counsel made appropriate motions, engaged in meaningful cross-examination of the People's witnesses and presented a consistent defense that the mother manipulated the child into fabricating allegations of sexual abuse. The jury could not reach a verdict on a second count submitted to it, resulting in dismissal of that count. Considering the totality of the representation, counsel provided defendant with effective assistance (*see People v Elwood*, 80 AD3d 988, 990 [2011], *lv denied* 16 NY3d 858 [2011]).

County Court did not err in denying defendant's CPL 330.30 motion without a hearing. A court may set aside a verdict if "during the trial there occurred, out of the presence of the court, improper conduct by a juror, . . . which may have affected a substantial right of the defendant and which was not known" prior to the verdict being rendered (CPL 330.30 [2]). However, "not every misstep by a juror rises to the inherently prejudicial level at which reversal is required" (*People v Brown*, 48 NY2d 388, 394 [1979]; *see People v Douglas*, 57 AD3d 1105, 1106 [2008], *lv denied* 12 NY3d 783 [2009]). Defendant submit-

ted the affidavit of a juror who averred that another juror stated during deliberations that her husband was on the grand jury that voted to indict defendant, and that the indictment was voted on prior to defendant writing the letter to his daughter. The implication was that defendant was aware of the indictment when he wrote the letter, and thus was trying to influence her testimony. The averring juror did not indicate that she was swayed to vote guilty based upon this information, stating only that after the statement was made, she felt that defendant "was treated unfairly." Despite claiming in her affidavit that she believed defendant was not guilty, she did not explain why she had voted guilty and announced that verdict when the jury was polled. The People presented affidavits from the other 11 jurors. The accused juror averred that she mentioned her husband having previously served on a grand jury, but that she did not say he was on the grand jury that voted to indict defendant. Court records show that her husband was not on that grand jury. Several jurors did not recall having heard anything about another juror's husband being on a grand jury. Others heard some comment on the topic, but all averred that the statement did not influence their decision to convict defendant (*see People v Gonzales,* 228 AD2d 722, 723 [1996], *lv denied* 88 NY2d 1021 [1996]). Some even reminded their fellow jurors of the court's instruction that they were not to consider anything that was not evidence. Although the affidavits are conflicting and may raise a question as to exactly what the one juror said about her husband's grand jury service, a hearing was not required because the motion papers did not sufficiently assert that juror misconduct—if any occurred—was prejudicial to defendant so as to affect a substantial right, as no juror indicated that the statement—even if made—impacted his or her guilty vote (*compare People v Maragh,* 94 NY2d 569, 575 [2000]).

Defendant's remaining contentions have been reviewed and found unavailing.

Rose, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.