■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY LAPI, Appellant. [962 NYS2d 768]—

Stein, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered September 14, 2011, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree (two counts) and endangering the welfare of a child (two counts).

Defendant was charged by indictment with two counts of criminal sexual act in the first degree and two counts of endangering the welfare of a child, stemming from allegations that, on two consecutive days over a weekend in July 2009, he engaged in anal sexual conduct with a four-year-old relative. The victim reported the conduct to his mother, who then contacted child protective services. Defendant was thereafter interviewed by the police and, after being apprised of his *Miranda* rights, gave two statements to the police, in one of which he admitted to the alleged conduct. After a jury trial, defendant was convicted as charged and was sentenced, as a second child sexual assault felony offender, to 15 years in prison and 15 years of postrelease supervision on each criminal sexual act conviction and one year in jail on each conviction of endangering the welfare of a child, to run concurrently. Defendant now appeals.

We affirm. Defendant's convictions of criminal sexual act in the first degree were not against the weight of the evidence.[1] As relevant here, in order to convict defendant of that crime, the People were required to prove that he engaged in anal sexual conduct with a victim under the age of 11 (*see* Penal Law § 130.50 [3]; *see also* Penal Law § 130.00 [2] [b]). The elements of that crime were established by defendant's confession, in which he admitted to intentionally causing contact between his penis and the four-year-old victim's anus on two separate occasions (*see People v Artis*, 90 AD3d 1240, 1240 [2011], *lv denied* 18 NY3d 955 [2012]; *People v Cole*, 24 AD3d 1021, 1024-1025

---

1. Inasmuch as defendant presented evidence after the denial of his trial motion to dismiss and did not renew the application at the close of all evidence, his challenge to the legal sufficiency of the evidence is not preserved (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Fisher*, 89 AD3d 1135, 1136 [2011], *lv denied* 18 NY3d 883 [2012]). However, our assessment of whether the conviction was against the weight of the evidence requires us to evaluate whether the elements of the crimes charged were adequately proven at trial (*see People v Harvey*, 96 AD3d 1098, 1099 n [2012], *lv denied* 20 NY3d 933 [2012]; *People v Fisher*, 89 AD3d at 1135).

[2005], *lv denied* 6 NY3d 832 [2006]; *see also* Penal Law § 130.00 [2] [b]).[2] While defendant "may not be convicted . . . solely upon evidence of a confession or admission . . . without additional proof that the offense charged has been committed" (CPL 60.50), his confession was sufficiently corroborated by, among other things, the victim's testimony as to the events that occurred, as well as the testimony of the victim's mother regarding the victim's disclosure of defendant's conduct (*see People v Byron*, 85 AD3d 1323, 1324-1325 [2011], *lv denied* 17 NY3d 857 [2011]). Defendant's claim that the victim's testimony was not sufficiently detailed is unavailing, as the corroborating proof "need not establish guilt or every detail of the crime or confession . . . [and] is satisfied by the production of some proof, of whatever weight, that a crime was committed by someone" (*People v Flemming*, 101 AD3d 1483, 1485 [2012] [internal quotation marks and citations omitted]; *see People v Johnson*, 79 AD3d 1264, 1266 [2010], *lv denied* 16 NY3d 832 [2011]).

Moreover, the jury was entitled to discredit defendant's trial testimony that he did not read the written statement he provided to the police, that the statement was produced under coercion and that no sexual contact had occurred between him and the victim. Therefore, even if a different verdict would have been reasonable, when we view the evidence in a neutral light and defer to the jury's superior position to determine witness credibility, we are satisfied that the verdict was in accord with the weight of the evidence (*see People v Wyre*, 97 AD3d 976, 978 [2012], *lv denied* 19 NY3d 1030 [2012]; *People v Harvey*, 96 AD3d 1098, 1100 [2012], *lv denied* 20 NY3d 933 [2012]; *People v Lapage*, 57 AD3d 1233, 1235 [2008]).

We also reject defendant's contention that he was denied the effective assistance of counsel.[3] To establish an ineffective assistance of counsel claim, defendant was required to show that counsel failed to provide meaningful representation and an "absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005] [internal quotation marks and citations omitted]; *see People v Nguyen*, 90 AD3d 1330, 1332 [2011], *lv denied* 18 NY3d 960 [2012]). First, defendant asserts that counsel erred

---

**2.** Defendant provided two statements to the police. In the first statement, he denied any intentional contact with the victim. However, in the second statement, defendant admitted to the alleged conduct, and offered as an explanation that he had "low self-esteem," "no luck with women" and "no sexual relations with women in three years."

**3.** In reviewing this claim, we address several substantive arguments that defendant asserts on appeal that were not preserved at trial (*see People v McCray*, 102 AD3d 1000, 1008 [2013]).

by failing to object to County Court's decision to allow the victim—who was six years old at the time of trial—to give sworn testimony. However, we discern no abuse of County Court's discretion in permitting the testimony, after conducting an appropriate inquiry and determining that the victim understood the nature of an oath (*see* CPL 60.20 [2]; *People v Morales*, 80 NY2d 450, 453 [1992]), appreciated the difference between the truth and a lie and understood the importance of telling the truth and the consequences of lying (*see People v Nisoff*, 36 NY2d 560, 566 [1975]; *People v Mendoza*, 49 AD3d 559, 560 [2008], *lv denied* 10 NY3d 937 [2008]). As a whole, the victim's voir dire testimony demonstrated his understanding that he was required to tell the truth (*see People v Brown*, 89 AD3d 1473, 1474 [2011], *lv denied* 18 NY3d 955 [2012]; *People v Johnston*, 273 AD2d 514, 517 [2000], *lv denied* 95 NY2d 935 [2000]) and, therefore, counsel's failure to object did not render his representation ineffective.

Similarly, we find unavailing defendant's argument that trial counsel's failure to object to the admission of certain testimony denied him the effective assistance of counsel. In most of the instances noted by defendant in which counsel failed to object to hearsay testimony, County Court prevented the hearsay statements from being admitted into evidence. Contrary to defendant's claim on appeal, the Department of Social Services caseworker who investigated the abuse allegations was not permitted to testify as to the nature of her conversations with the victim and her investigation report was not admitted into evidence. As to the testimony of the police officer who took defendant's statement, defendant points to no specific hearsay statement to which he now objects, and our review of the record fails to reveal the improper admission of any hearsay statement that would have deprived defendant of a fair trial.

We are also unpersuaded by defendant's claim that counsel was ineffective due to his failure to object to the testimony of the victim's mother regarding the victim's disclosure of the sexual conduct. Under the prompt outcry rule, "evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place" (*People v Rosario*, 17 NY3d 501, 511 [2011] [internal quotation marks and citations omitted]; *see People v Perkins*, 27 AD3d 890, 892 [2006], *lv denied* 6 NY3d 897 [2006]; *People v Allen*, 13 AD3d 892, 895 [2004], *lv denied* 4 NY3d 883 [2005]). " '[P]romptness is a relative concept dependent on the facts—what might qualify as prompt in one case might not in another' " (*People v Rosario*, 17 NY3d at 512-513, quoting *People v*

*McDaniel*, 81 NY2d 10, 17 [1993]; *see People v Shepherd*, 83 AD3d 1298, 1300 [2011], *lv denied* 17 NY3d 809 [2011]). Here, the sexual contact occurred over a weekend during which the victim was in the care of defendant's mother. The victim returned to his mother's care on a Sunday and disclosed the events to her on the following Friday. Considering the victim's young age and the familial relationship between the victim and defendant, we agree with County Court's determination that the hearsay statements fell within the prompt outcry rule (*see Matter of Gregory AA.*, 20 AD3d 726, 727 [2005]; *People v Lapage*, 57 AD3d at 1236), and the court provided an appropriate instruction limiting the use of the testimony (*see People v McCray*, 102 AD3d 1000, 1009 [2013]; *People v Kittles*, 23 AD3d 775, 776 [2005], *lv denied* 6 NY3d 755 [2005]).

While the record does reveal some errors by counsel, a defendant is not entitled to a perfect trial (*see People v Jones*, 101 AD3d 1241, 1242 [2012]; *People v Jordan*, 99 AD3d 1109, 1110 [2012], *lv denied* 20 NY3d 1012 [2013]). Here, counsel was successful in achieving a favorable *Sandoval* compromise, provided targeted cross-examinations of witnesses, delivered articulate opening and closing statements, sought suppression of defendant's incriminating statement and presented a cogent, albeit unsuccessful, defense theory despite overwhelming evidence of defendant's guilt. Upon our review of the record, "we discern no single, nor cumulative, error sufficient to deprive defendant of his right to the effective assistance of counsel" (*People v Porter*, 82 AD3d 1412, 1416 [2011], *lv denied* 16 NY3d 898 [2011]; *see People v Wiltshire*, 96 AD3d 1227, 1230 [2012]), and we are satisfied that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Harvey*, 96 AD3d at 1100-1101).

Defendant's remaining contentions have been considered and are found to be without merit.

Rose, J.P., Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.