■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AH DIN, Appellant. [974 NYS2d 599]—

Garry, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered September 15, 2011 in Albany County, upon a verdict convicting defendant of the crimes of attempted criminal sexual act in the first degree (two counts) and endangering the welfare of a child.

Defendant was charged by indictment with two counts of attempted criminal sexual act in the first degree, two counts of sexual abuse in the first degree and one count of endangering the welfare of a child, stemming from allegations that he sexually assaulted a 10-year-old child (hereinafter the victim) in the bathroom of an apartment that he shared with the victim's family. Following a jury trial, he was acquitted of the sexual abuse charges and convicted of the remaining charges. Supreme Court sentenced him to an aggregate prison term of seven years, followed by 15 years of postrelease supervision. Defendant appeals.

We affirm. Defendant's convictions are supported by legally sufficient evidence and are not against the weight of the evidence. To support the convictions, the People were required to prove, respectively, that defendant attempted to engage in oral sexual conduct with the victim "[b]y forcible compulsion" (Penal Law § 130.50 [1]), that the victim was under the age of 11 (*see* Penal Law § 130.50 [3]), and that defendant "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]). The victim testified that she was in the bathroom, preparing for bed, when defendant forced open the door, pushed her and stifled her calls for help by covering her mouth. She stated that defendant pulled down her pants and his pants, told her to suck his penis and tried to put his penis in her mouth before her mother entered the bathroom and interrupted the attack.

Contrary to defendant's claim, corroboration of this testimony was not required, as the victim's incapacity to consent resulted from her age rather than from "mental defect, or mental incapacity" (Penal Law § 130.16; *see People v Kelly*, 270 AD2d 511, 512 [2000], *lv denied* 95 NY2d 854 [2000]). Moreover, the victim was presumed to have the capacity to testify under oath, and did so (*see* CPL 60.20 [2]; *People v Mann*, 41 AD3d 977, 980-981 [2007], *lv denied* 9 NY3d 924 [2007]). Each of the victim's parents also testified; the victim's mother described finding defendant with her daughter in the bathroom, and the father described his angry confrontation with defendant immediately thereafter, in which defendant begged the father to kill him. Viewed in the light most favorable to the People, this testimony, together with that of police investigators, a sexual assault nurse examiner and an individual who helped to summon the police and acted as an interpreter for the victim and her family,* was legally sufficient, providing a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Artis*, 90 AD3d 1240, 1240 [2011], *lv denied* 18 NY3d 955 [2012]).

Although a different result would not have been unreasonable, the verdict was not against the weight of the evidence. Defendant contends that the victim's testimony was unworthy of belief because it was inconsistent in several respects with her pretrial statements, and because no physical evidence was found at the scene to support some of her testimony about details of the incident. However, inconsistencies and contradictions are not uncommon in the testimony of young witnesses (*see People v Izzo*, 104 AD3d 964, 966-967 [2013], *lv denied* 21 NY3d 1005 [2013]; *People v Beauharnois*, 64 AD3d 996, 998 [2009], *lv denied* 13 NY3d 834 [2009]). Here, we further note that the discrepancies pertain primarily to alleged acts underlying the charges of which defendant was acquitted, rather than to elements of the crimes of which he was convicted. "It is, of course, a jury function to determine the facts by, among other things, resolving credibility issues," and we do not find that the victim's testimony was incredible as a matter of law (*People v Wallis*, 24 AD3d 1029, 1031 [2005], *lv denied* 6 NY3d 854 [2006] [citations omitted]; *see People v Texidor*, 71 AD3d 1190, 1193 [2010], *lv denied* 14 NY3d 893 [2010]). According due deference to the jury's credibility determinations and viewing the evidence in a neutral light, we find that the verdict was not against the weight

* The victim, her parents and defendant are immigrants with limited command of the English language.

of the evidence (*see People v Lapi*, 105 AD3d 1084, 1085-1086 [2013], *lv denied* 21 NY3d 1043 [2013]; *People v Izzo*, 104 AD3d at 966-967; *People v Artis*, 90 AD3d at 1240).

We reject defendant's claim that he was deprived of a fair trial by *Molineux* violations. Defendant moved for a mistrial after the victim testified that defendant brandished a knife during the confrontation with her father. Supreme Court denied the motion, finding that the disclosure was unanticipated, as the People argued, and that the testimony was permissible. We agree. The testimony was inextricably interwoven with the charged crimes, relevant to defendant's state of mind, and occurred so closely in time after the conduct for which defendant was being tried that its probative value outweighs any potential prejudice (*see People v Buchanan*, 95 AD3d 1433, 1436 [2012]; *People v Simpson*, 132 AD2d 894, 895-896 [1987], *lv denied* 70 NY2d 937 [1987]). Further, defense counsel expressly declined to request a limiting instruction (*see People v Salaam*, 46 AD3d 1130, 1132 [2007], *lv denied* 10 NY3d 816 [2008]). Defendant's remaining *Molineux* claims were unpreserved (*see People v Sorrell*, 108 AD3d 787, 792-793 [2013]), and we decline to take corrective action in the interest of justice (*see* CPL 470.15 [3] [c]).

Finally, in fashioning the sentence, Supreme Court expressly considered defendant's youth, his lack of criminal history, and his status as a refugee and a legal immigrant. The sentence imposed was near the lower end of the permissible term of imprisonment, and significantly less than the 15-year sentence requested by the People. We find no abuse of discretion or extraordinary circumstances warranting modification in the interest of justice (*see People v Williams*, 67 AD3d 1050, 1051-1052 [2009], *lv denied* 13 NY3d 942 [2010]).

Rose, J.P., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

