Matter of Lucas Y. (2024 NY Slip Op 00212)

Matter of Lucas Y.

2024 NY Slip Op 00212

Decided on January 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 18, 2024

535227
[*1]In the Matter of Lucas Y., Alleged to be a Juvenile Delinquent. Columbia County Attorney, Respondent; Lucas Y., Appellant.

Calendar Date:December 13, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, McShan and Mackey, JJ.

Mitchell S. Kessler, Cohoes, for appellant.
William J. Better, PC, Kinderhook (Veronica S. Concra of counsel), for respondent.

Mackey, J.
Appeal from an order of the Family Court of Columbia County (Jonathan D. Nichols, J.), entered April 12, 2022, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
Following a fact-finding hearing, at which the victim provided sworn testimony, Family Court determined that respondent had committed acts that, if committed by an adult, would have constituted the crimes of criminal sexual act in the third degree and sexual misconduct (Penal Law §§ 130.20 [2]; 130.40 [3]). The court adjudicated respondent a juvenile delinquent and placed him on probation for a period of 18 months, subject to various terms and conditions, and entered an order of protection in favor of the victim. This appeal by respondent ensued.
Initially, we reject respondent's claim that Family Court lacked jurisdiction to adjudicate him a juvenile delinquent. The charges set forth in the petition were offenses over which Family Court had original jurisdiction (see Family Ct Act §§ 301.2 [1] [a]; 302.1; Matter of Trevon Y., 81 AD3d 841, 841 [2d Dept 2011]). Although a felony complaint accusing respondent of criminal sexual act in the third degree concerning the same incident had previously been filed in County Court, both the People and respondent had consented on the record to remove the case to Family Court, prior to the Family Court petition being filed, and County Court (Nichols, J.) directed such removal on the record. Although an order of removal was not signed until sometime thereafter, the prosecution in County Court was effectively terminated prior to the Family Court petition being filed (see Family Ct Act § 311.1 [7]; CPL 722.21 [1]; 725.00 et seq.).[FN1]
Contrary to respondent's further contention, the juvenile delinquency petition filed by petitioner was not jurisdictionally defective. Pursuant to Family Ct Act § 311.2, "to be facially sufficient, a juvenile delinquency petition must contain nonhearsay allegations establishing every element of each crime charged and the respondent's commission thereof" (Matter of Tashawn MM., 218 AD3d 906, 907 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Matter of Michael DD., 33 AD3d 1185, 1186 [3d Dept 2006]) and comply with the requirements of Family Ct Act § 311.1. The Court of Appeals has held that a prosecuting agency may supplement the removal order and accompanying papers with a supporting deposition in order to satisfy the requirement of Family Ct Act § 311.2 (3) that a petition be supported by nonhearsay allegations establishing, if true, every element of each charged crime (see Matter of Michael M., 3 NY3d 441, 448 [2004]). Here, the victim's supporting deposition satisfied the requirements of Family Ct Act § 311.2 (see id.).
We also find no merit in respondent's contention that his statutory right to a speedy fact-finding hearing was violated (see Family Ct Act § 340.1 [2]; Matter of Zachary L., 218 AD3d 867[*2], 869-870 [3d Dept 2023]).[FN2] The record shows that respondent expressly and unconditionally waived his right to challenge the adjournments of the fact-finding hearing past the statutory 60-day period. In light of that waiver, respondent "cannot now be heard to complain" (Matter of Ryan LL., 119 AD3d 994, 995 [3d Dept 2014] [internal quotation marks and citation omitted], lv denied 25 NY3d 904 [2015]; see Matter of Willie E., 88 NY2d 205, 209-210 [1996]; Matter of Daniel B., 129 AD3d 1152, 1153 [3d Dept 2015], lv denied 25 NY3d 914 [2015]; Matter of Joseph CC., 234 AD2d 852, 853-854 [3d Dept 1996]; see also Matter of Michael DD., 33 AD3d at 1186).
Respondent also contends that Family Court's determination is against the weight of the evidence. "When presented with a weight of the evidence argument in a case, such as this one, where a different determination would not have been unreasonable, we view the evidence in a neutral light while according deference to the credibility determinations of Family Court" (Matter of Alexander CC., 191 AD3d 1113, 1115 [3d Dept 2021] [internal quotation marks and citations omitted]). As relevant here, "[a] person is guilty of criminal sexual act in the third degree when . . . [h]e or she engages in . . . anal sexual conduct with another person without such person's consent where such lack of consent is by reason of some factor other than incapacity to consent" (Penal Law § 130.40 [3]). "A person is guilty of sexual misconduct when . . . [h]e or she engages in . . . anal sexual conduct with another person without such person's consent" (Penal Law § 130.20 [2]).
The victim testified that on the evening in question, she visited respondent at his home and agreed to engage in vaginal intercourse. While the victim and respondent were engaging in vaginal intercourse, respondent inserted his penis into the victim's anus. The victim testified that she told respondent to "please stop" because it hurt and that if it happened again, they were done having sex. According to the victim, respondent proceeded to insert his penis into her anus on two more occasions after she told him she did not want to participate in anal intercourse. She further testified that she was unable to stop him because he overpowered her, and he only stopped when he saw that there was feces and blood on his body and bedding. The victim testified that after she left respondent's home, she called her cousin and told her what had happened.[FN3] The victim also testified that she thereafter blocked respondent on all social media accounts except "iMessage" in order to retrieve a necklace she left at his house. During this communication to retrieve her necklace, respondent asked the victim to delete all messages from the evening of the incident, which she did. She testified that she eventually reported the incident to her school counselor and that she did not speak up sooner because she feared what people might think.
Although a different determination would not have [*3]been unreasonable in light of the fact that the allegations rested entirely on an assessment of the victim's credibility, having considered the evidence and giving deference to Family Court's credibility determinations, we are satisfied that the determination is supported by the weight of the evidence (see Matter of Alexander CC., 191 AD3d at 1115-1116; Matter of Devin Z., 91 AD3d 1035, 1036 [3d Dept 2012]; Matter of Gordon B., 83 AD3d 1164, 1167 [3d Dept 2011], lv denied 17 NY3d 710 [2011]; Matter of Jared WW., 56 AD3d 1009, 1010-1011 [3d Dept 2008]). The victim testified that respondent forcefully subjected her to anal intercourse without her consent, which supports both criminal sexual act in the third degree and sexual misconduct (see Penal Law §§ 130.20 [2]; 130.40 [3]). Although respondent is correct that there was no physical evidence supporting his commissions of the act, neither statute requires such evidence (see Penal Law §§ 130.20 [2]; 130.40 [3]). Simply stated, Family Court was in the best position to assess the victim's credibility, as it saw and heard her testimony firsthand (see Matter of Paul QQ., 256 AD2d 751, 751 [3d Dept 1998]).
As a final matter, we reject respondent's contention that he received ineffective assistance of counsel. The record reflects that he certainly received meaningful representation throughout the proceeding. In that regard, any objection predicated upon improper procedure, violation of respondent's speedy-trial right or lack of adjustment services would have had little to no chance of success (see Matter of Bernard K., 280 AD2d 728, 729 [3d Dept 2001]). Respondent's counsel was prepared at every conference, was aware of the speedy-trial time limitations and appropriately waived such rights and zealously defended respondent at the fact-finding hearing by cross-examining the victim, eliciting inconsistencies and objecting when necessary (see Matter of Alexander CC., 191 AD3d at 1117). Viewed in the totality, respondent was provided with meaningful representation (see id. at 1116-1117; Matter of Michael DD., 33 AD3d at 1186; Matter of Gregory AA., 20 AD3d 726, 726-727 [3d Dept 2005]; Matter of Bernard K., 280 AD2d at 729). Respondent's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Indeed, County Court stated on the record that "[t]his matter will be discontinued as a criminal matter, and it will now be handled as a juvenile delinquency matter in [F]amily [C]ourt."

Footnote 2: At no time during the proceedings was respondent held in detention.

Footnote 3: The cousin testified that the victim called her on the evening of the incident and relayed that she was penetrated anally against her consent.