■ The People of the State of New York, Respondent, v Peter Armstrong, Appellant. [749 NYS2d 254] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered October 30, 2000, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's suppression motion was properly denied. There was probable cause to arrest defendant when the experienced undercover officer, who had made numerous purchases in this drug prone location, observed defendant nervously looking around both before and after an unidentified woman handed him money in exchange for an unknown object, and, upon subsequently making eye contact with the undercover officer, placing a hood over his head and changing directions (People v Jones, 90 NY2d 835; People v Dukes, 254 AD2d 149, lv denied 93 NY2d 898). Defendant's actions, when viewed in totality rather than in isolation, clearly exhibited a pattern of furtive conduct. Furthermore, his hand movements were not those of a

person counting out change or making some other innocuous transaction.

Since much of the evidence introduced by defendant at trial had little value except to arouse sympathy, the People were entitled to respond to this indirect or implicit appeal for sympathy. Accordingly, we find that the challenged portions of the People's summation did not mischaracterize the evidence or defendant's defense, and did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976).

We perceive of no basis for reducing the sentence. Concur— Williams, P.J., Nardelli, Rosenberger, Ellerin and Lerner, JJ.