◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDERSON STUCKEY, Appellant. [855 NYS2d 141]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered January 6, 2006, convicting defendant, after a jury trial, of course of sexual conduct against a child in the first degree, criminal contempt in the first degree (five counts), criminal contempt in the second degree, and tampering with a witness in the third degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 16 years, unanimously affirmed.

Defendant was convicted of having sexual intercourse with his daughter for a period of approximately two years that began when she was seven years old. In light of the child victim's young age and expressed fear of retribution if she disclosed the abuse, her report of this conduct, made approximately three days following the last incident, constituted a prompt outcry which was properly admitted under that exception to the hearsay rule (see People v Vanterpool, 214 AD2d 429 [1995], lv denied 86 NY2d 875 [1995]).

"An outcry of rape is prompt if made at the first suitable opportunity and is a relative concept dependent on the facts." (People v Shelton, 1 NY3d 614, 615 [2004] [internal quotation marks and citations omitted].) We reject defendant's argument that the prompt outcry exception is inapplicable to an outcry made, as here, at the end of a course of sexual conduct. This case is illustrative of how this hearsay exception might apply to such a case. The child's fear of her father was finally overcome when her teacher taught a class on how to deal with inappropriate touching. The child began crying during the class, asked to speak to the teacher privately, and immediately reported defendant's course of conduct to school personnel. While other evidence tended to explain the reason for the long delay in reporting, without the outcry evidence the jury would have been left to speculate as to what caused the ultimate revelation of the abuse. Such speculation would have tended to cast unfair doubt on the credibility of the People's case.

By failing to object, or by failing to make specific objections, defendant failed to preserve any of his complaints about the alleged multiplicity of prompt outcry witnesses, the specifics of their testimony, or the prosecutor's summation comments on this subject, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The court properly exercised its discretion in admitting expert testimony on child sexual abuse accommodation syndrome (*see People v Carroll*, 95 NY2d 375, 387 [2000]). This testimony was not rendered cumulative or irrelevant by the child's own testimony explaining her delay in reporting her father's crimes; jurors might still have found the delay difficult to understand. The expert never gave any opinion as to whether the child had been abused, and there was nothing unduly prejudicial about her testimony. With respect to defendant's claim of unfair surprise, we note that defendant never requested any particular amount of time to prepare for the expert's testimony, and has not established that he was prejudiced in any manner by the People's midtrial decision to call such an expert.

Defendant's challenge to a portion of the examining physician's testimony is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that any error was harmless in light of the overwhelming evidence of defendant's guilt including, among other things, extensive evidence of witness tampering, which evinced defendant's consciousness of guilt. Concur—Mazzarelli, J.P., Andrias, Friedman and Sweeny, JJ.