■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ORTIZ, Appellant. [25 NYS3d 81]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered July 12, 2013, convicting defendant, after a jury trial, of sexual abuse in the first degree and endangering the welfare of a child, and sentencing him, as a persistent felony offender, to an aggregate term of 18 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.

The court erred when it permitted the People to introduce, under the prompt outcry exception to the hearsay rule, the fact that the 15-year old complainant sent a text message discussing the alleged sexual assault to her friends two or three months after the alleged assault occurred. A complaint is timely for purposes of the prompt outcry exception if made "at the first suitable opportunity," which is a "relative concept dependent on the facts" (*People v McDaniel*, 81 NY2d 10, 17 [1993]).

While a significant delay in reporting does not necessarily preclude outcry evidence, especially where the victim is a child (*see e.g. People v Stuckey*, 50 AD3d 447 [1st Dept 2008], *lv denied* 11 NY3d 742 [2008]), when the complainant is a teenager (or older), "the concept of promptness necessarily suggests an immediacy not ordinarily present when months go by" (*People v Rosario*, 17 NY3d 501, 513 [2011]). With respect to teenagers and adults rather than young children, a reporting delay of several months may be justified if there were "legally sufficient circumstances" that would excuse the victim's delay, such as the victim being "under the control or threats of [the] defendant . . . or being among strangers and without others in whom [the victim] could confide" (*People v Allen*, 13 AD3d 892, 896 [3d Dept 2004], *lv denied* 4 NY3d 883 [2005]).

Here, as in *Allen*, there is an absence of circumstances to bring this lengthy delay within the prompt outcry rule. While the evidence indicated that the complainant experienced confusion, shock, embarrassment, and fear of not being believed, as well as concern about her mother and grandmother's reactions, there is no evidence that she was threatened by defendant or was under his control. Although the outcry occurred after defendant was incarcerated on a parole violation, the complainant made the disclosure at least a month after that circumstance occurred, and she did not testify that she delayed her disclosure based on a fear of retribution.

We also conclude that this prior consistent statement would not have been admissible on a theory of rebutting a charge of recent fabrication. Furthermore, the erroneous admission of

this evidence was not harmless, given the less than overwhelming evidence and the significant probability that the prior consistent statement affected the verdict by bolstering the veracity of the victim.

In light of this determination, we find it unnecessary to reach any other issues. Concur—Tom, J.P., Sweeny, Gische and Kapnick, JJ.