Matter of Luis P. (2018 NY Slip Op 08427)

Matter of Luis P.

2018 NY Slip Op 08427 [32 NY3d 1165]

December 11, 2018

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 6, 2019

[*1]

In the Matter of Luis P., a Person Alleged to be a Juvenile Delinquent, Appellant.

Decided December 11, 2018

Matter of Luis P., 161 AD3d 59, affirmed.

APPEARANCES OF COUNSEL

Seymour W. James, Jr., The Legal Aid Society, New York City (Raymond E. Rogers of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York City (Janet L. Zaleon of counsel), for respondent.

{**32 NY3d at 1166} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be affirmed, without costs.
Respondent Luis P.'s challenge to the admission of his statements—insofar as preserved (see People v Panton, 27 NY3d 1144, 1145 [2016])—presents a mixed question of law and fact (see Matter of Jimmy D., 15 NY3d 417, 423 [2010]). Inasmuch as there is record support for the lower courts' determination that respondent's statements were voluntary, that issue is beyond further review by this Court (see id.). Further, any hearsay error in the admission of certain medical records relating to the complainant was harmless.

Rivera, J. (dissenting). I would reverse and remit for a new fact-finding hearing for the reasons set forth in the dissent below (Matter of Luis P., 161 AD3d 59, 78-90 [1st Dept 2018, Gesmer, J., dissenting]).[FN1] During his interrogation at the precinct, respondent stated that he understood his Miranda rights and waived them while his mother was present, but then he was questioned after his mother had left the room. After respondent made a short oral statement, the detective asked respondent, who himself had previously been a victim of sexual abuse, if he wanted to write an "apology letter" to the complainant—which suggested that the letter was private. The officer made no mention of the apology letter in front of respondent's mother. The officer's deception undermined the Miranda warnings, putting in question whether respondent understood{**32 NY3d at 1167} that his letter and statements could be used against him in a court proceeding. As the dissent below correctly concluded, relying on this Court's guidance in Matter of Jimmy D. (15 NY3d 417 [2010]) that the court must analyze the statements of children under the totality of the circumstances, the written confession was not voluntary since it was obtained through deception.
Additionally, this Court held in Jimmy D. that the parent of a child has the right to attend the child's interrogation by a police officer but that a confession obtained in the absence of a parent is not necessarily involuntary (15 NY3d at 422-423). Here, although respondent's mother was present during the Miranda warnings, she is not his legal guardian as respondent was previously removed from her care due to her failure to protect him from sexual abuse—an additional fact that impacts the voluntariness of the statements and calls into question the sufficiency of Jimmy D. to adequately protect the rights of juveniles. Respondent's legal guardian, his grandmother, was never consulted. She was not in the room when respondent waived his rights and was questioned, despite being present at the precinct throughout the interrogation. Further, in light of the United States Supreme Court's jurisprudence on the consideration of a juvenile's age during custodial interrogation, further guidance on how juveniles are constitutionally distinct from adults, and recognition that the scientific studies on juveniles supporting the conclusions of its earlier cases has become stronger over the ensuing years, we should revisit Matter of Jimmy D. (15 NY3d 417 [2010]; see Montgomery v Louisiana, 577 US &mdash, 136 S Ct 718 [2016]; Miller v Alabama, 567 US 460, 472 n 5 [2012]; J. D. B. v North Carolina, 564 US 261 [2011]). In my view, those cases and the developing scholarship in this area lead to the inexorable conclusion that minors should not be interrogated outside the presence of their adult legal guardians.[FN2]
{**32 NY3d at 1168}Chief Judge DiFiore and Judges Stein, Fahey and Garcia concur; Judge Rivera dissents in an opinion in which Judge Wilson concurs; Judge Feinman taking no part.
On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, without costs, in a memorandum.

Footnotes

Footnote 1:Contrary to the majority's conclusion, respondent's challenge to the admission of his written confession is preserved and presents a question of law for this Court's review. Respondent argued at the Huntley hearing that the statements were involuntarily obtained through deceptive tactics in violation of his constitutional rights and Family Court held that the juvenile Miranda waiver, respondent's oral statement, and his written statements were all voluntarily obtained. Thus, whether a 13 year old's written confession is voluntary when a detective asks him if he would like to write an "apology letter" without an adult or guardian present in the room presents a legal question that may properly be reviewed as a matter of law by this Court.

Footnote 2:I note that respondent opposes placement of his appeal on our alternative review track (see Rules of Ct of Appeals [22 NYCRR] § 500.11 [b]) and requests that the case be set for full briefing. Appeals on submission under section 500.11 include matters which are subject to limited review, turn on "recent, controlling precedent," or raise narrow legal issues "not of statewide importance" (see id. § 500.11 [b] [2], [3]). Respondent argues that the instant appeal fits none of these categories, nor are there obvious "other appropriate factors" (id. § 500.11 [b] [6]) that tip in favor of our alternative review procedure. Further, respondent contends that this case presents important, preserved issues of law regarding juveniles and the permissible tactics the police may use to extract statements from them and, thus, warrants full briefing and oral argument. However, as we must consider the issues as presented in this current posture, for the reasons I have stated and more fully discussed in the dissent below, I would reverse and remit.