People v Bowen (2020 NY Slip Op 03951)





People v Bowen


2020 NY Slip Op 03951


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

109700

[*1]The People of the State of New York, Respondent,
v
Aaron G. Bowen, Appellant.

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Jeffrey R. Parry, Oneida, for appellant.
Joseph G. Fazzary, District Attorney, Watkins Glen (John C. Tunney of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Schuyler County (Morris, J.), rendered July 20, 2017, convicting defendant following a nonjury trial of the crimes of rape in the first degree, criminal sexual act in the first degree and unlawfully dealing with a child in the first degree.
Defendant was charged by indictment with one count each of rape in the first degree, criminal sexual act in the first degree and unlawfully dealing with a child in the first degree. The charges arose after defendant, Lyle Beebe and Jeffrey Forney met an 18-year-old female (hereinafter the victim) and brought her to Forney's house, where they all drank alcohol. The next morning, the victim awoke in the hospital with no recollection of most of the prior night. A joint jury trial of defendant and Forney ended in a mistrial due to a deadlocked jury. Thereafter, defendant's matter was severed from Forney's and defendant waived his right to a jury trial. At his bench trial, the parties stipulated into evidence the transcript and exhibits from the jury trial, with the understanding that County Court would "disregard all evidence which would be admissible solely against defendant Forney." The parties made opening statements, summations and also had the opportunity to present further proof, which defendant chose to do by calling two witnesses to testify. The court found defendant guilty as charged and sentenced him to concurrent prison terms of eight years, followed by seven years of postrelease supervision, on his convictions for rape in the first degree and criminal sexual act in the first degree and to a concurrent one-year term of incarceration on his conviction for unlawfully dealing with a child in the first degree. Defendant appeals.
Defendant contends that County Court erred by failing to order a trial de novo following the mistrial and that it was "impermissible" for County Court to allow him to stipulate to the admission of the January 2017 trial testimony and evidence. This argument is without legal foundation. In fact, the Court of Appeals has held that, "[i]n a criminal cause . . . when [a] defendant[] ha[s] validly waived a jury, the evidence can be offered in such form as the parties agree to with the [j]udge's consent" (Matter of Nolan v Court of Gen. Sessions of County of N.Y., 11 NY2d 114, 119 [1962]). Defendant does not allege that his waiver of the jury trial was anything other than knowing, voluntary and intelligent. Accordingly, because defendant consented to the admission of the testimony and evidence from the first trial, subject to certain stipulated limitations, he is foreclosed from now arguing that that procedure was impermissible. To the extent that defendant now argues that this procedure violated his right to confront witnesses, this argument is belied by the fact that, not only were the witnesses subject to cross-examination during the first trial, but, during the retrial, the stipulation provided that "there is no prohibition which prevents either party from calling witnesses at the retrial," and that the same witnesses could be called again during the retrial.
We turn now to defendant's claims that he was denied the effective assistance of counsel. "To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Seecoomar, 174 AD3d 1154, 1158 [2019] [internal quotation marks, brackets and citations omitted], lv denied 34 NY3d 1019 [2019]; see People v Kelsey, 174 AD3d 962, 965 [2019], lv denied 34 NY3d 982 [2019]). Based on the record, defendant has not met this burden insofar as defense counsel conducted vigorous cross-examination of the victim and attempted to undermine her credibility by pointing out inconsistencies in her testimony and that of other witnesses. Defendant specifically contends that defense counsel failed to challenge the victim about statements she made to a witness who found her on the side of the road the morning after the incident. However, defense counsel did ask the victim if she remembered having been found on the side of the road and making statements to the person who found her. She responded that she did not. Given the likelihood that any further examination may have resulted in further evidence of the victim's extreme intoxication, defendant has failed to demonstrate that there is not a legitimate explanation for defense counsel's alleged neglect to further pursue this line of questioning (see People v Foulkes, 117 AD3d 1176, 1177 [2014], lv denied 24 NY3d 1084 [2014]).
Defendant also argues that defense counsel was ineffective by agreeing to forgo objections during the People's summation in the first trial. This argument is misplaced inasmuch as the opening statements and summations from the first trial were not considered by County Court. Indeed, both parties made opening statements and summations during the bench trial and no such agreement to forgo objections was made. Viewing the totality of counsel's representation, "without second-guessing counsel or assessing his performance with the clarity of hindsight," we find that defendant received meaningful representation (People v Olson, 162 AD3d 1249, 1251 [2018] [internal quotation marks, brackets, ellipsis and citation omitted], lv denied 32 NY3d 1067 [2018]).
Egan Jr., J.P., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.