Matter of Michael F. (2024 NY Slip Op 04182)

Matter of Michael F.

2024 NY Slip Op 04182

Decided on August 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 08, 2024

Before: Kern, J.P., Oing, Kapnick, Higgitt, Michael, JJ. 

Docket No. D-01854/23 Appeal No. 2333 Case No. 2023-05467 

[*1]In the Matter of Michael F., A Person Alleged to be a Juvenile Delinquent, Appellant.

Dawne A. Mitchell, The Legal Aid Society, New York (Hannah Kaplan of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jennifer Lerner of counsel), for respondent.

Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about September 5, 2023, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of a weapon in the fourth degree, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.
On February 10, 2023, a petition was filed charging then 16-year-old appellant with the commission of acts which, if committed by an adult, would constitute criminal possession of a weapon in the second degree, criminal possession of a firearm, criminal possession of a weapon in the fourth degree, and possession or sale of toy or imitation firearm. Specifically, the police recovered a loaded 9 millimeter semiautomatic firearm from appellant's jacket pocket. As part of the plea agreement, appellant was permitted to plead guilty to criminal possession of a weapon in the fourth degree in satisfaction of the petition. In addition to these terms, counsel for appellant and the presentment agency agreed that an adjournment in contemplation of dismissal (ACD) would not be sought at disposition. Before the dispositional hearing, the Probation Department completed an assessment of appellant and based on, among other things, its interviews with appellant, his mother, and stepfather, recommended level-three probation, with a condition that appellant was not to possess any guns or weapons. At disposition, counsel requested a conditional discharge and the presentment agency requested level-one probation. Counsel did not request an ACD because it was waived as part of the plea agreement. The court found appellant to be in need of supervision and treatment, adjudicated him a juvenile delinquent, and placed him on level-one probation for 12 months, which was less restrictive than the level-three probation recommended by the Probation Department. The court also required appellant to complete BRAG (Bronx Rises Against Gun Violence program), attend school every day, and follow rules at home and at school. The court stated that if appellant completed probation and graduated from high school in June 2024, his case would be sealed.
The court providently exercised its discretion in placing appellant on probation for a period of 12 months (see Family Ct Act § 352.2 [1] [b]). The court did not credit appellant's explanation that he came into possession of the loaded firearm when someone in a group of people whom he had just met gave him the weapon to hold and then fled when encountered by the police, leaving appellant to fend for himself. There is no basis for disturbing the court's credibility determinations, which are entitled to deference (Matter of Luis P., 161 AD3d 59, 62 [1st Dept 2018], affd 32 NY3d 1165 [2018]). In addition, the court properly weighed the mitigating factors against appellant's history of frequent marijuana use, lack of meaningful activities[*2], and demonstrated need for educational support in its determination to place appellant on probation for a period of 12 months (see e.g. Matter of James P., 110 AD3d 432, 432-433 [1st Dept 2013]). Given the seriousness of the underlying offense and appellant's need for supervision and rehabilitative services, the court adopted the least restrictive alternative commensurate with appellant's needs and best interests while affording the community protection (see id.; see also Family Ct Act § 352.2 [2] [a]). Moreover, the court did not adopt the Probation Department's recommendation to place appellant on the more restrictive level-three probation, further supporting the finding that the court selected the least restrictive option.
We decline to review appellant's argument for an ACD in the interest of justice. In any event, the record, as noted above, does not warrant the imposition of an ACD. It would not have provided adequate supervision given, among other things, the seriousness of the underlying incident and appellant's need for supervision.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 8, 2024