People v Mekhail (2025 NY Slip Op 51163(U))

[*1]

People v Mekhail (Ayman)

2025 NY Slip Op 51163(U)

Decided on July 11, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., WAVNY TOUSSAINT, JOANNE D. QUIÑONES, JJ

2024-98 K CR

The People of the State of New York, Respondent,
against
Ayman Mekhail, Appellant. 

Murray E. Singer, for appellant.
Kings County District Attorney (Leonard Joblove, Julian Joiris and Daniel Berman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Archana Rao, J.), rendered November 21, 2023. The judgment convicted defendant, upon a jury verdict, of two counts of forcible touching, one count of unlawful imprisonment in the second degree, and two counts of sexual abuse in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of two counts of forcible touching (Penal Law § 130.52 [1]), one count of unlawful imprisonment in the second degree (Penal Law § 135.05), and two counts of sexual abuse in the third degree (Penal Law § 130.55). On appeal, defendant argues that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence, that testimony that the complainant disclosed the incident to her coworker did not fall within the prompt outcry exception to the hearsay rule, and that certain comments made by the prosecutor during summation were improper and deprived him of a fair trial.
In his motions to dismiss based on the legal insufficiency of the trial proof, made after the People's case and at the conclusion of all of the evidence, defendant failed to identify any particular insufficiency, thereby failing to preserve a question of law for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). The rule applies to the present claim that the testimony of the complainant was incredible as a matter of law (see e.g. People v Alfonso, 142 AD3d 1180, 1182 [2016]; People v Bryan, 63 Misc 3d 156[A], 2019 NY Slip Op 50821[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
However, upon a defendant's request, this court must conduct a weight of the evidence review (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 349 [2007]). If a finding in [*2]favor of the defendant "would not have been unreasonable" (People v Curry, 112 AD3d 843, 844 [2013]), this court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (People v Danielson, 9 NY3d at 348). In conducting this review, great deference is accorded to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon our review of the record, we are satisfied that the verdict is not against the weight of the evidence (see People v Julien, 73 Misc 3d 131[A], 2021 NY Slip Op 50957[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; People v Hawkins, 66 Misc 3d 145[A], 2020 NY Slip Op 50206[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; People v Joshwall P., 64 Misc 3d 134[A], 2019 NY Slip Op 51096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Criollo, 57 Misc 3d 138[A], 2017 NY Slip Op 51314[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Jagdharry, 6 Misc 3d 126[A], 2004 NY Slip Op 51673[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]).
"As a general rule, 'evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place' " (People v Rosario, 17 NY3d 501, 511 [2011], quoting People v McDaniel, 81 NY2d 10, 16 [1993]). "A complaint is timely for purposes of the prompt outcry exception if made 'at the first suitable opportunity' " (People v McDaniel, 81 NY2d at 17, quoting People v O'Sullivan, 104 NY 481, 486 [1887]). "[P]romptness is a relative concept dependent on the facts" (People v Rosario, 17 NY3d at 512-513 [internal quotation marks omitted]; see People v McDaniel, 81 NY2d at 17). Here, testimony that the complainant disclosed the incident to her coworker less than 24 hours after it had taken place was properly admitted under the prompt outcry exception since, under the circumstances of this case, the report was made at the first suitable opportunity (see People v Hobbs, 185 AD3d 720, 720 [2020]; People v Aller, 33 AD3d 621, 622 [2006]; People v Perkins, 27 AD3d 890, 893 [2006]; People v Shelton, 307 AD2d 370, 371 [2003], affd 1 NY3d 614 [2004]; People v Gonzalez, 131 AD2d 873, 874 [1987]; cf. People v Rosario, 17 NY3d at 513; People v Ortiz, 135 AD3d 649, 650 [2016]; People v Stone, 133 AD3d 982, 984 [2015]).
Defendant's contention that certain comments made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05 [2]), as defendant "made only general one-word objections" to the comments at issue (People v Lawson, 163 AD3d 996, 999 [2018]; see People v Tonge, 93 NY2d 838, 839-840 [1999]; People v Westwood, 53 Misc 3d 74, 81 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), did not request further curative relief with respect to the objections that were sustained (see People v Johnson, 229 AD3d 639, 640 [2024]; People v Dunaway, 207 AD3d 742, 744 [2022]; People v Davis, 178 AD3d 946, 947 [2019]), and failed to timely move for a mistrial on the specific grounds he now asserts on appeal (see People v Irving, 226 AD3d 703, 703-704 [2024]; People v Long, 222 AD3d 881, 882 [2023]). In any event, the challenged statements were either "stricken, thereby dissipating any prejudice resulting from the improper comment" (People v Edwards, 120 AD3d 1435, 1436 [2014]; see People v Stone, 29 NY3d 166, 171 [2017]; People v Baker, 14 NY3d 266, 274 [2010]; People v Arce, 42 NY2d 179, 187 [1977]), or fair response to defense counsel's comments during summation (see People v Fowler, 232 AD3d 908, 909 [2024]; People v Clark, 222 AD2d 446, 447 [1995]; People v Jackson, 43 Misc 3d [*3]132[A], 2014 NY Slip Op 50622[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). To the extent that any of the prosecutor's remarks were improper, "they were not so flagrant or pervasive as to deny the defendant a fair trial" (People v Almonte, 23 AD3d 392, 394 [2005]; see People v Leon, 222 AD3d 778, 779 [2023]; People v Morel, 195 AD3d 946, 948 [2021]; People v Bethea, 159 AD3d 710, 712 [2018]).
Accordingly, the judgment of conviction is affirmed.
MUNDY, J.P., TOUSSAINT and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 11, 2025