Matter of J.S. (M. Christian C.) (2025 NY Slip Op 06041)

Matter of J.S. (M. Christian C.)

2025 NY Slip Op 06041

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Moulton, J.P., Gesmer, González, Higgitt, Michael, JJ. 

Index No. 30871-74/23|Appeal No. 5072-5072A|Case No. 2024-06063|

[*1]In the Matter of J.S., and Others, Children Under Eighteen Years of Age, etc., M. Christian C., Respondent-Appellant, Noelia M., Nonrespondent, Administration for Children's Services, Petitioner-Respondent.

Bruce A. Young, Edgewater, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (ChloÉ K. Moon of counsel), for ACS, respondent.
Anne Reiniger, New York, for Noelia M., nonrespondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child, J.S.

Order of disposition, Supreme Court, Bronx County (E. Grace Park, J.), entered on or about September 9, 2024, to the extent it brings up for review a fact-finding order, same court and Judge, orally rendered September 6, 2024, as memorialized in an order of fact-finding entered on or about October 7, 2024, finding that respondent abused and neglected the subject child, and derivatively abused and neglected the child's siblings, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the determination that respondent sexually abused the subject child (Family Ct Act § 1012[e][iii]), inflicted excessive corporal punishment (Family Ct Act § 1012[f][i][B]), and derivatively abused and neglected the remaining children in the home (see Matter of Kylani R. [Kyreem B.], 93 AD3d 556, 557 [1st Dept 2012]; Matter of Alejandra B. [Alejandro A.], 135 AD3d 480 [1st Dept 2016]). The child's sworn, in-court testimony as to the allegations did not require corroboration (see Matter of D.F. [Erica L.], 228 AD3d 500, 500-501 [1st Dept 2024]). Respondent's intent to gain sexual gratification was properly inferred from the acts themselves, absent any other explanation (see Matter of Dorlis B. [Dorge B.], 132 AD3d 578, 579 [1st Dept 2015]). As to the excessive corporal punishment determination, respondent's conduct in disciplining the child, including punching her, went beyond the pale (see Matter of Dayanara V. [Carlos V.], 101 AD3d 411, 412 [1st Dept 2012]), and the punishment "was not appropriate in form or degree" (Matter of Empress B. [Henrietta L.], 204 AD3d 562, 563 [1st Dept 2022]).
Contrary to respondent's contentions, during the trial, the court noted his counsel's objections and instructed the child's testimony accordingly. Further, respondent had an opportunity to cross-examine the child, and the court had the opportunity to observe the child as she testified to the allegations, and found her to be credible (see Matter of Christina F., 74 NY2d 532, 537 [1989]). Respondent provides no basis for this Court to disregard the court's reasoned credibility determinations, which should be afforded deference (see Matter of Luis P., 161 AD3d 59, 62 [1st Dept 2018], affd 32 NY3d 1165 [2018]).
To the extent nonrespondent mother argues that the court erred in ordering the release of the three younger children to her care under ACS supervision for 12 months on disposition, the mother did not appeal, and thus cannot now challenge the disposition (see Matter of Gelani M. [Paul M.], 222 AD3d 484, 486 [1st Dept 2023]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025